United States District Court
Southern District of Texas
ENTERED
August 05, 2026
Nathan Ochsner, Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| Adriantony Jose Fuenmayor Gonzalez, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil No. 4:26-cv-3695 |
| | § | |
| Markwayne Mullin, *et al.*, | § | |
| | § | |
| Respondents. | § | |

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

Petitioner Adriantony Jose Fuenmayor Gonzalez is a native and citizen of Venezuela who used the now-defunct CBP One app to claim asylum and secure an appointment at a United States port of entry on August 28, 2023. Docs. 1 ¶ 18, 9 at 2. That same day, the Department of Homeland Security ("DHS") paroled him into the United States pending removal proceedings. Doc. 1 ¶ 18. DHS also issued him a Notice to Appear charging him as removable as an alien who, at the time of his application for admission, was not in possession of a valid entry document.[1] Docs. 9 at 2, 9-2 at 1 & 4, 9-2 at 8. One year after Petitioner's release into the country, Petitioner's parole status automatically expired. Docs. 9 at 2, 9-2 at 8. Petitioner filed a Form I-589 Application for Asylum and for Withholding of Removal, which remains pending. Docs. 1 ¶ 19, 9 at 2, 9-2 at 9.

[1] Respondents further assert that Petitioner was placed in expedited removal proceedings. Doc. 9 at 2. However, Respondents have not adduced competent summary judgment evidence supporting this assertion; the Notice to Appear does not state that Petitioner's removal proceedings were expedited. *See* Doc. 9-2 at 1–4.

On either August 23, 2025, or April 24, 2026,[2] Petitioner was detained by DHS, and he is presently in the custody of Respondent, Warden of the Joe Corley Processing Center, in Conroe, Texas.[3] Docs. 1 ¶ 3, 9 at 2, 9-2 at 7. Petitioner seeks a writ of *habeas corpus* under 28 U.S.C. § 2241 on the grounds that his present detention without a bond hearing violates (i) substantive due process; (ii) procedural due process; and (iii) the *Accardi*[4] doctrine.[5] Doc. 1 ¶¶ 29–37.

Now before the Court is Respondents' Motion for Summary Judgment, Doc. 9, filed on June 25, 2026. Respondents maintain that Petitioner is not entitled to a bond hearing because he is subject to mandatory detention under 8 U.S.C. § 1225(b)(1)(B)(ii) while his asylum application remains pending or, alternatively, because he is subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A)'s catchall provision. *See* Doc. 9 at 3–5.

---

[2] Petitioner asserts that he was detained on August 23, 2025, Doc. 1 ¶ 3, whereas Respondents claim that they detained Petitioner on April 24, 2026, Docs. 9 at 2, 9-2 at 7. Regardless of the date that Petitioner was brought into immigration custody, the Court's constitutional analysis remains unchanged. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) ("Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.").

[3] Petitioner alleges that he is detained at the Houston Contract Detention Facility whereas Respondents contend that Petitioner is detained at the Montgomery Processing Center. Docs. 1 ¶ 22, 9 at 1–2. Under Federal Rule of Evidence 201, the Court takes judicial notice that Petitioner is presently detained at the Joe Corley Processing Center. *See* U.S. Immigration and Customs Enforcement, *Online Detainee Locator System*, https://locator.ice.gov/odls/ (last visited August 4, 2026).

[4] *United States ex rel. Accardi v. Shaughnessy*, 347 U.S. 260 (1954).

[5] The Petition does not specify whether Petitioner argues his detention without a bond hearing violates substantive or procedural due process. *See* Doc. 1 ¶¶ 29–36. The Court assumes that Petitioner intends to raise due both due process challenges.

Petitioner, represented by counsel, did not respond to Respondent's summary judgement motion. As this Court previously advised Petitioner, failure to respond to a dispositive motion would be taken as a statement of non-opposition. *See* Doc. 8 ¶ 3; L. R. 7.4.

Even if, however, the Motion were opposed, this Court has previously resolved the precise challenges raised by Petitioner, determining that the government may subject aliens to mandatory detention under both Section 1225(b)(2)(A) and Section 1225(b)(1)(B)(ii). *See Campos Bernal v. Frink*, No. 4:26-cv-2239, 2026 WL 1804234 (S.D. Tex. June 23, 2026); *Hossain v. Thompson*, No. 4:26-cv-3182 (S.D. Tex. July 23, 2026). The Court held that detention pending a removal order under Section 1225(b)(2)(A) and detention pending a final asylum determination under Section 1225(b)(1)(B)(ii) are demanded by the Immigration and Nationality Act and a constitutionally permissible part of the removal and asylum application processes. *See Campos Bernal*, 2026 WL 1804234, at *1, *4 (citing *Demore v. Kim*, 538 U.S. 510, 531 (2003)); *Hossain*, slip op. at 4–5. Because Petitioner's challenges fail under either statutory detention scheme, the Court need not determine which of the two statutes authorizes Petitioner's present detention.[6]

As such, Respondents' Motion for Summary Judgment is GRANTED, and the Petition for writ of *habeas corpus* is DENIED. This action is DISMISSED WITH PREJUDICE. The Clerk of Court is directed to CLOSE this case. A final judgment will be

---

[6] Petitioner fails to assert which regulation(s) DHS is violating, or has violated, through Petitioner's present detention. *See* Doc. 1 ¶ 37. In any event, the Court has consistently rejected Accardi Doctrine claims alleging that an alien's arrest violated binding agency regulations, holding that "the writ of *habeas corpus* affords relief from unlawful detention, not from unlawful arrests." *See Campos Bernal*, 2026 WL 1804234, at *7.

entered separately.

**SO ORDERED.**

**SIGNED** at Houston, Texas, on the 5th of August, 2026.

Nicholas J. Ganjei
United States District Judge